COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| GARY EDWARD MORSE, | | No. 08-09-00046-CV |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 109th District Court |
| | § | |
| DANA ANN MORSE, | | of Winkler County, Texas |
| | § | |
| Appellee. | | (TC # 15,320) |
| | § | |

## O P I N I O N

Gary Edward Morse appeals an order entered on a motion to compel execution of closing documents and an original petition for post-divorce division of property. This court ordered the parties to attend mediation pursuant to Section 154.021 of the Civil Practice and Remedies Code[1] and they entered into an irrevocable mediated settlement agreement (MSA). Among other things, the agreement required Gary to dismiss this appeal. Gary has instead filed a motion to set aside the MSA. For the reasons that follow, we deny the motion and dismiss the appeal.

### FACTUAL SUMMARY

Dana Morse filed a petition for divorce on July 20, 2007. The trial court signed a final decree on September 25, 2008. Neither of the parties appealed. Dana later filed an original petition for post-divorce division of property she alleged Gary had hidden during the pendency of the divorce. She also filed a motion to compel execution of closing documents. On February 18, 2009, the trial court entered an order addressing both the motion to compel and the petition for post-divorce

---

[1] TEX.CIV.PRAC.&REM.CODE ANN. § 154.021 (Vernon Supp. 2009).

division of property.  Gary filed notice of appeal indicating his intent to appeal from that order.[2]

Pursuant to our order, the parties attended mediation and, according to the status report filed by Dana, they resolved all matters of controversy between them.  Dana attached to her report a copy of the MSA signed by the parties and their attorneys.  Among other things, Gary agreed to dismiss his appeal as part of the settlement agreement.  He did not comply with the agreement but instead filed a motion to set it aside on the ground that Dana had intentionally breached the agreement by damaging some items of property awarded to him.  Dana responds that because the MSA satisfies the requirements of Section 6.602 of the Family Code, it is not subject to revocation by either party.

## MEDIATED SETTLEMENT AGREEMENT

A mediated settlement agreement is immediately binding on the parties if the agreement:  (1) provides in a prominently displayed statement that is in boldfaced type, capital letters, or underlined, that the agreement "is not subject to revocation"; (2) is signed by the parties; and (3) is signed by the parties' attorneys who are present at the time of signing.  TEX.FAM.CODE.ANN. § 6. 602(b)(Vernon 2006).  If an MSA meets these requirements, a party is entitled to judgment notwithstanding Rule 11 of the Texas Rules of Civil Procedure or another rule of law.  TEX.FAM.CODE.ANN. § 6. 602(c).  Compliance with Section 6.602 makes the agreement an exception to Sections 7.001 and 7.006, which allow revision and repudiation of settlement agreements.  TEX.FAM.CODE ANN. §§ 7.001, 7.006; *In re Joyner*, 196 S.W.3d 883, 889 (Tex.App.--Texarkana 2006, pet. denied).  A court is not required to enforce an MSA if it is illegal in nature or procured by fraud, duress, coercion, or other dishonest means.  *Joyner*, 196 S.W.3d at 890; *Boyd v. Boyd*, 67 S.W.3d 398, 404-05 (Tex.App.--Fort

---

[2] Gary also filed a notice of appeal which indicated his intent to appeal from a contempt order entered by the trial court.  We lack jurisdiction to review a contempt order by direct appeal.  *Norman v. Norman*, 692 S.W.2d 655, 655 (Tex. 1985)(per curiam); *Tracy v. Tracy*, 219 S.W.3d 527, 530 (Tex.App.--Dallas 2007, no pet.). Contempt orders involving confinement may be reviewed by writ of habeas corpus; contempt orders that do not involve confinement may be reviewed only through mandamus.  *Tracy*, 219 S.W.3d at 530.

Worth 2002, no pet.)(holding that § 6.602 mediated settlement agreement may be subject to rescission due to intentional nondisclosure.); *In re Kasschau*, 11 S.W.3d 305, 312 (Tex.App.--Houston [14th Dist.] 1999, orig. proceeding)(holding that a mediated settlement agreement may be set aside on the ground of illegality).

Gary does not dispute that the MSA meets all of the requirements of Section 6.602. Unless he can establish a ground for revocation, it is binding. The only ground Gary alleges is that Dana intentionally breached the settlement agreement with malice by damaging certain items of property. He cites no authority that an MSA can be revoked due to a party's alleged intentional breach. Because Gary has failed to assert a viable ground for setting aside or revoking the MSA, we deny his motion.

The terms of the MSA require Gary to dismiss this appeal. In the interest of judicial economy, we will not require Gary to file a formal motion. Instead, we *sua sponte* dismiss the appeal.

August 31, 2010

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.