**Affirmed and Memorandum Opinion filed May 19, 2016.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00076-CV

## IN THE MATTER OF THE MARRIAGE OF
## DIANE MARIE APFFEL AND RALPH ALBERT APFFEL, JR.

**On Appeal from the County Court at Law No. 3**
**Galveston County, Texas**
**Trial Court Cause No. 13-FD-2081**

## M E M O R A N D U M   O P I N I O N

Appellant Ralph Apffel appeals from a final decree of divorce incorporating a mediated settlement agreement between Ralph and appellee, Diane Apffel. On appeal, Ralph contends that the trial court erred in ordering him to execute several documents regarding a piece of property he was awarded in the divorce. We affirm.

### FACTUAL BACKGROUND

Ralph and Diane were married in April 1993. The parties resided in Galveston County and had no children during their marriage. In September 2013,

Diane filed for divorce on the grounds of insupportability. In July 2014, the parties entered into a mediated settlement agreement ("the Agreement"). Pursuant to the Agreement, Ralph was to pay Diane $140,000 on or before November 30, 2014, and Ralph was awarded the couple's property at 9680 Airway Lane ("the Property"). According to the Agreement, the following documents would be necessary to finalize the case: "Decree, SWD, DOTSA, Owelty lien on Airway for $140,000, P-note for $140,000 & DOTSA on Owelty lien & any documents necessary to enforce the Owelty lien."

In September 2014, the trial court held a hearing for the parties to prove the Agreement. No discussion was had regarding the terms of the Agreement. At the hearing, the trial court granted Diane's request for an entry date of October 6, 2014, but the record reveals that the divorce decree was not signed or entered until December 22, 2014.[1] Ralph appeals.

## ISSUE AND ANALYSIS

In his sole issue, Ralph contends that the trial court erred in requiring him to execute documents securing his $140,000 payment to Diane. However, Ralph cites no standard of review or authority for his claim. Ralph argues that because he had already paid Diane the $140,000 at the time the decree was signed, "[he] had no further obligation to sign documents securing that payment." He therefore asks this court to order modification of the trial court's judgment to remove the security-documentation requirement.

In the decree, the court ordered Ralph to execute, acknowledge, and deliver the following documents to Diane:

1. Deed of Trust to Secure Assumption;

---

[1] Although the record indicates that an entry hearing was held on December 22, 2014, the record does not include a reporter's record of that hearing.

2. Deed of Trust to Secure Owelty of Partition;

3. Real Estate Lien Note; and

4. Special Warranty Deed with Encumbrance for Owelty of Partition.

Ralph claims that "[t]he Trial Court's ruling, requiring the documentation set out above after [Diane] was fully paid, causes a fatal variance between the intended purpose of the security documents in this case as called for in the Mediated Settlement Agreement, and security agreements generally." Ralph fails to explain how the decree's requirement that he execute these documents "causes a fatal variance." The Agreement seems to indicate that a lien should be secured even if the $140,000 payment is made. In the section titled "Other Agreements," the Agreement states: "[Ralph] to pay Diane $140,000 by 11/30/14 *and* shall be Owelty lien on [the Property]" (emphasis added). Ralph does not point to anything in the Agreement stating that a lien is not required if the payment was made by the November deadline.

Ralph does not provide any authority to support his contention that he "had no further obligation" to execute the documents after he made the required payment to Diane. Although Ralph claims that the Agreement should control, "not conflicting language in the proposed [d]ecree,"[2] he fails to explain how the two documents conflict. Additionally, we note that the decree stated: "The agreements in this Agreed Final Decree of Divorce were reached in mediation. . . . This Agreed Final Decree of Divorce is stipulated to represent a merger of a mediated settlement agreement between the parties. To the extent there exist any differences between the mediated settlement agreement and this Agreed Final Decree of

---

[2] To support this claim, Ralph cites *Morse v. Morse*, 349 S.W.3d 55, 56 (Tex. App.—El Paso 2010, no pet.), and *In re Marriage of Joyner*, 196 S.W.3d 883, 891 (Tex. App.—Texarkana 2006, pet. denied). However, these cases do not support Ralph's assertion. These cases are the only authorities cited in Ralph's brief.

Divorce, this Agreed Final Decree of Divorce shall control in all instances." As mentioned above, the Agreement called for the following documents to finalize the divorce: "Decree, SWD, DOTSA, Owelty lien on [the Property] for $140,000, P-Note for $140,000 & DOTSA on Owelty lien & *any documents necessary to enforce the Owelty lien*" (emphasis added). In comparison, the decree ordered Ralph to execute a Deed of Trust to Secure Assumption, a Deed of Trust to Secure Owelty of Partition, a Real Estate Lien Note, and a Special Warranty Deed with Encumbrance for Owelty of Partition. We cannot identify any meaningful distinction between the list of documents in the Agreement and those required by the decree.

Finally, we note that the Agreement met the requirements of section 6.602 of the Texas Family Code.[3] The Agreement contained the following language, underlined and capitalized: "This mediated settlement agreement is not subject to revocation and is binding on both Petitioner and Respondent pursuant to Tex. Fam. Code 6.602 and 153.0071." As a result, the court was not allowed to modify the Agreement, and Diane was entitled to judgment on the Agreement notwithstanding any rule of law. *See* Tex. Fam. Code § 6.602(c); *In re Lee*, 411 S.W.3d 445, 453–54 (Tex. 2013). Furthermore, Ralph's brief acknowledges the binding and irrevocable nature of the Agreement and does not challenge its validity. Ralph was bound by the terms of the Mediated Settlement Agreement, and the trial court's decree did not vary from the terms of the Agreement; therefore, we conclude that the trial court neither abused its discretion nor erred in requiring Ralph to execute the security documents.

---

[3] A mediated settlement agreement is immediately binding on the parties if the agreement: (1) provides in a prominently displayed statement that is in boldfaced type, capital letters, or underlined, that the agreement "is not subject to revocation"; (2) is signed by the parties; and (3) is signed by the parties' attorneys who are present at the time of signing. *See* Tex. Fam. Code § 6.602(b).

**CONCLUSION**

We affirm the decision of the trial court.


/s/    Ken Wise
Justice


Panel consists of Chief Justice Frost and Justices Boyce and Wise.