

## NUMBER 13-15-00345-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

**NORMA ALICIA MARTINEZ ARAUJO,**                                    **Appellant,**

**v.**

**MANUEL ARAUJO,**                                                            **Appellee.**

---

### On appeal from the 332nd District Court
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Longoria
### Memorandum Opinion by Justice Garza

Appellant Norma Alicia Martinez Araujo appeals from the trial court's order denying her motion to revoke and set aside a mediated settlement agreement (MSA) pursuant to her divorce from appellee, Manuel Araujo. By three sub-issues, appellant contends the trial court abused its discretion in failing to revoke the MSA because: (1) the MSA is void

and unenforceable for failure of consideration; (2) her own trial counsel coerced her to sign it; and (3) it contains an invalid provision and is therefore unenforceable. We affirm.

## I. BACKGROUND

The parties entered into an MSA on August 6, 2014. Among other things, the MSA: (1) awarded appellant certain property in Mission, Texas; (2) awarded appellee certain property in Palmview, Texas; and (3) provided that appellant pay $27,000 to appellee by October 6, 2014. The MSA stated that "[e]ach party represents that he or she has made a fair and reasonable disclosure to the other of the property and financial obligations known to him or her." It further stated that the parties were "sufficiently familiar with the assets of the community estate" and therefore waived "any right to inventory request and accounting."[1] Appellant was represented by counsel ("Trial Counsel 1"). Trial Counsel 1 withdrew from representing appellant in October 2014.

Shortly thereafter, appellant's second counsel ("Trial Counsel 2") filed a motion to revoke and set aside the MSA. In the motion to revoke, appellant argued that the MSA "resulted in an unjust division of the estate because of the fraud of [appellee]." Specifically, appellant argued that: (1) the only property she received pursuant to the MSA was her separate property; (2) she was entitled to receive one-half of community property awarded to appellee and valued at approximately $55,608.00; (3) she was improperly ordered to pay appellee $27,000 as his share of the community estate by October 6, 2014; (4) the MSA did not address or divide appellee's retirement in the amount of approximately $22,000; and (5) the MSA did not address or divide the parties'

---

[1] The MSA further stated that the parties agreed to try to resolve any dispute arising from the interpretation or performance of the MSA "by phone conference with the mediator who facilitated this settlement." There is no mention in the record of whether the parties discussed the issues raised here with the mediator.

2

two vehicles, a Cadillac Escalade and a Dodge pickup.[2]  On December 3, 2014, the trial court denied appellant's motion to revoke the MSA.

In March 2015, appellee filed a "Motion for Compliance Hearing," noting that appellant had failed to pay $27,000 to appellee as required by the MSA.  On March 17, 2015, the trial court held a show cause hearing.  At the hearing, appellee's counsel noted that appellant had not paid appellee the $27,000.  Appellant testified that she had attended school up to the sixth grade in Mexico, does not speak English, and that no one had translated the MSA into Spanish for her.  She stated that she did not sign the MSA voluntarily, but that Trial Counsel 1 "forced" her to sign by telling her that the judge would "make [her] sign."  Appellant testified that appellee had retirement funds in the amount of $22,000 that were not divided by the MSA.  She also stated that she solely had paid the taxes, property insurance, and utilities on the Mission properties for many years, an amount totaling $41,000.  Appellant stated that she signed the MSA because she "felt very nervous."  At the conclusion of the hearing, the trial court found that "there was an ability to make the payment, the payment was not made."  Trial Counsel 2 stated that she would submit findings of fact and conclusions of law, but none appear in the record.

The trial court signed the divorce decree on May 14, 2015.  The final divorce decree reflected the terms of the MSA, found that appellant had the ability to pay appellee the $27,000, and ordered her to pay the $27,000 to appellee.  Appellant filed a motion for new trial.  In the motion, appellant alleged that appellee failed to disclose his retirement in the amount of $22,000.  In support, appellant attached a 2007 quarterly statement showing a balance of $12,569.46 in a 401(k) account purportedly belonging to appellee

---

[2] The final divorce decree awarded a 2003 Dodge pickup and a 1999 Mitsubishi to appellee, and a 2003 Cadillac Escalade to appellant.

3

with Rio Queen Citrus, Inc. The motion for new trial was set for hearing in August 2015, but the record does not reflect that any hearing on the motion took place. This appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's decision not to set aside a mediated settlement agreement for an abuse of discretion. *R.H. v. Smith*, 339 S.W.3d 756, 765 (Tex. App.—Dallas 2011, no pet.); *In re C.H., Jr.*, 298 S.W.3d 800, 804 (Tex. App.—Dallas 2009, no pet.). A trial court does not abuse its discretion if there is some substantive, probative evidence to support its decision. *Granger v. Granger*, 236 S.W.3d 852, 855–56 (Tex. App.—Tyler 2007, pet. denied); *Echols v. Olivarez*, 85 S.W.3d 475, 477 (Tex. App.—Austin 2002, no pet.).

An MSA that complies with the requirements of section 6.602 of the family code binds all parties from the date it is signed. *See* TEX. FAM. CODE ANN. § 6.602(b) (West, Westlaw through 2015 R.S.).[3] However, a trial court is not required to enforce an MSA if it is illegal in nature or was procured by fraud, duress, coercion, or other dishonest means. *Morse v. Morse*, 349 S.W.3d 55, 56 (Tex. App.—El Paso 2010, no pet.); *Spiegel v. KLRU*

---

[3] Section 6.602(b) provides:

> (b) A mediated settlement agreement is binding on the parties if the agreement:
>
> (1) provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation;
>
> (2) is signed by each party to the agreement; and
>
> (3) is signed by the party's attorney, if any, who is present at the time the agreement is signed.

TEX. FAM. CODE ANN. § 6.602(b) (West, Westlaw through 2015 R.S.).

*Endowment Fund,* 228 s.W.3d 237, 242 (Tex. App.—Austin 2007, pet. denied); *In re Marriage of Joyner*, 196 S.W.3d 883, 890 (Tex. App.—Texarkana 2006, pet. denied).

## III. DISCUSSION

Here, appellant does not argue that the MSA does not meet the requirements of section 6.602. *See* TEX. FAM. CODE ANN. § 6.602. Rather, she contends that: (1) it is void for failure of consideration; (2) it is invalid because she was coerced to sign it; and (3) it is unenforceable because it contained an unenforceable provision—that she remain married until she paid appellee $27,000.

### A. Failure of Consideration

First, appellant argues that the MSA lacked consideration because she gained nothing from the agreement. Specifically, she argues that the Mission property that she was awarded was her own separate property and she received no community reimbursement for the property awarded to appellee which was valued at $55,608. She further complains that she was ordered to pay appellee $27,000. In her motion to revoke the MSA, appellant asserted that the Mission property she was awarded in the MSA was her separate property. She offered, however, no evidence in support of her assertion. Similarly, she offered no evidence in support of this assertion at the March 17, 2015 hearing.

"A lack of consideration occurs when a contract, at its inception, does not impose obligations on both parties." *In re C.H.C.*, 396 S.W.3d 33, 45 (Tex. App.—Dallas 2013, no pet.).[4] Appellant offered no evidence in support of her claim that the Mission property

---

[4] Because we conclude appellant's argument is unsupported by any evidence, we need not decide whether the lack-of-consideration defense applies to MSAs under section 6.602 of the family code. *See In re C.H.C.*, 396 S.W.3d 33, 44 (Tex. App.—Dallas 2013, no pet.).

5

awarded to her in the MSA was her separate property, and we find none in the record. We overrule appellant's first sub-issue.

## B.     Coercion

By her second sub-issue, appellant contends that the MSA is invalid because she was coerced into signing it. At the March 17, 2015 hearing, appellant testified that she did not sign the MSA voluntarily because Trial Counsel 1 "forced" her to sign. She testified that Trial Counsel 1 told her to sign the agreement because the trial judge was going to "make" her sign.

A trial court is not required to enforce an MSA if it is illegal in nature or was procured by fraud, duress, coercion, or other dishonest means. *Morse*, 349 S.W.3d at 56; *Spiegel*, 228 S.W.3d at 242; *In re Marriage of Joyner*, 196 S.W.3d at 890; *see also Triesch v. Triesch*, No. 03-15-00102-CV, 2016 WL 1039035, at *1 (Tex. App.—Austin March 8, 2016, no pet.) (mem. op.); *Davis v. Davis*, No. 01-12-00701-CV, 2014 WL 890899, at *4 (Tex. App.—Houston [1st Dist.] March 6, 2014, no pet.) (mem. op.). Duress occurs when some kind of threat renders a person incapable of exercising free agency and unable to withhold consent. *In re D.E.H.*, 301 S.W.3d 825, 829 (Tex. App.—Fort Worth 2009, pet. denied). "Coercion occurs if someone is compelled to perform an act by force or threat." *Id.* at 828.

Appellant points to her own "uncontroverted" testimony that she was coerced into signing the MSA. "[U]ncontroverted testimony, even from a witness categorized as an expert, may be taken as true as a matter of law if it is clear, direct and positive, and is free from contradictions, inconsistencies, inaccuracies and circumstances tending to cast suspicion thereon." *Abrams v. Jones*, 35 S.W.3d 620, 627 (Tex. 2000) (quoting *Albright*,

6

*Inc. v. Strawder*, 679 S.W.2d 81, 82 (Tex. App.—Houston 14th Dist.] 1984, writ ref'd n.r.e.)). However, if uncontradicted evidence is unreasonable, incredible, or questionable, the fact finder is not required to award the relief requested. *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990). The trial judge, as the factfinder in this case, was entitled to believe all, some, or none of a witness's testimony if a reasonable juror could. *See City of Keller v. Wilson*, 168 S.W.3d 802, 819–20 (Tex. 2005).

Here, appellant did not identify anything in her testimony that constituted a threat or rose to a level that would render her incapable of exercising her free agency or unable to withhold her consent. *See In re D.E.H.*, 301 S.W.3d at 829. The trial court did not have to accept appellant's testimony that she signed the MSA because she felt "pressured and coerced" into doing so. *See City of Keller*, 168 S.W.3d at 819–20. We overrule appellant's second sub-issue.

## C.   Illegal Provision

By her third sub-issue, appellant contends the MSA is unenforceable because it contains a provision that the parties remain married until appellant pays appellee $27,000. Appellant complains of the trial court's finding that she had the ability to make the $27,000 payment, but had not done so. Appellant points to her own "uncontroverted" testimony at the March 27, 2015 hearing that she had attempted to borrow the funds but was unable to do so. It is undisputed that appellant did not pay appellee $27,000 as required by the MSA. Appellant argues that "[t]he trial court was not authorized to issue a final divorce ruling in this cause because it was contrary to the MSA."

Appellant testified that the Mission property she was awarded was valued by Hidalgo County at $105,000.[5] This evidence is sufficient to support the trial court's finding that appellant had the ability to make the payment, but had not done so.[6] We are unpersuaded that the MSA is unenforceable because it contained an unenforceable provision. We reject appellant's third sub-issue.

We conclude there was some substantive probative evidence supporting the trial court's decision to not set aside the MSA. *See Granger*, 236 S.W.3d at 855–56. Accordingly, the trial court did not abuse its discretion. *See id.*

## IV. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS GARZA
Justice

Delivered and filed the
1st day of September, 2016.

---

[5] We note that, at the March 17, 2015 hearing, trial counsel 2 stated that, of the two properties awarded to appellant, one was worth $47,400 and the other $66,000, "but one of them is separate property."

[6] The final divorce decree finds that appellant "has the ability to pay" $27,000 to appellee, and it orders her to do so.

8