**AFFIRM; and Opinion Filed January 10, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-17-01433-CV

**MARK ALLEN GERHARDT, Appellant**
**V.**
**SANDRA KAREN GERHARDT, Appellee**

**On Appeal from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-16-26827**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Osborne
Opinion by Justice Molberg

After Sandra Karen Gerhardt filed a petition for divorce from her husband, Mark Allen Gerhardt,[1] the parties reached a mediated settlement agreement (MSA) dividing their property. Mark subsequently sought to revoke the MSA on grounds that he signed the agreement due to his attorney's coercion and Sandra's fraud. The trial court denied Mark's request and signed a final divorce decree incorporating the MSA's terms.

In one issue, Mark argues the trial court erred by refusing to set aside the MSA because Sandra obtained the agreement through fraud.[2] Mark, however, did not offer any evidence of fraud by Sandra. Accordingly, we affirm the trial court's final divorce decree.

---

[1] Because the parties share the same surname, we will refer to them by their first names in this opinion.

[2] Sandra has not filed an appellee's brief.

## Factual Background

Mark and Sandra married in June 2006. They ceased living together in May 2014, and Sandra filed for divorce on December 16, 2016. The parties subsequently participated in mediation, and Mark, Sandra, and their respective attorneys signed an MSA on May 9, 2017. The MSA divided the marital estate, provided each party would file taxes separately for 2017 and for "all prior, unfiled years," and established a procedure for selling real property in Wood County, Texas, and distributing the proceeds to Mark and Sandra. The final provision of the MSA stated, "**THIS AGREEMENT IS NOT SUBJECT TO REVOCATION**."

On May 30, 2017, Mark, represented by different counsel than at the mediation, filed an objection to the entry of a divorce decree containing the terms of the MSA. Mark contended his "signature on [the MSA] was coerced" and it was not his "intention" to reach the agreement. Sandra filed a motion to enter a final divorce decree incorporating the terms of the MSA, asserting the MSA met the requirements of the family code and was binding on the parties. Mark responded, arguing Sandra obtained the MSA by fraud and he did not want to sign the agreement at the mediation but "felt intimidated and coerced by his attorney."

The trial court held a hearing on Sandra's motion to enter the final divorce decree and Mark's request that the MSA be set aside. Mark did not offer any evidence at the hearing. Rather, Jeffrey Jackson, Mark's counsel, argued the MSA should not be enforced because Mark's previous counsel "twisted his arm" at the mediation, causing him to sign the MSA, and Sandra obtained the MSA by fraud. As to Sandra's fraud, Jackson argued Mark learned after the mediation that he was Sandra's fourth husband, rather than her second husband as she had represented; Sandra had been imprisoned in Florida for "fraud"; and although Sandra said she filed the parties' tax returns for the years 2013, 2014, and 2015, she did not file tax returns for those years. Jackson also indicated Mark believed Sandra had stolen things from his residence during the divorce proceedings.

According to Jackson, "the minute [Mark] found out these things," he contacted Jackson about revoking the MSA.

Sandra also did not offer any evidence regarding Mark's claim of fraud and coercion. Rather, Adam Burrows, Sandra's counsel, argued Sandra filed for divorce in December 2016, and the MSA was not signed until May 9, 2017. Burrows represented that while the divorce was pending, Mark sent no discovery requests and did not contend there was any fraud. As to the MSA, Burrows stated that, during the mediation, the parties were in caucus and Sandra had no communication with Mark. Burrows argued Mark had "buyer's remorse" about the MSA because he realized he would no longer be able to live in the Wood County property.

The trial court determined the MSA met the statutory requirements of the family code. It also found Mark was represented by counsel throughout the divorce proceedings and that it was not "hearing anything that was kept from [Mark] that he couldn't have found out" through discovery. The trial court denied Mark's request to set aside the MSA and signed a final divorce decree incorporating the terms of the MSA.

### Standard of Review

We review a trial court's ruling on a motion to set aside an MSA under an abuse-of-discretion standard. *Bass v. Bass*, No. 05-16-00344-CV, 2017 WL 2443128, at *2 (Tex. App.—Dallas June 5, 2017, no pet.) (mem. op.). A trial court abuses its discretion if it acts unreasonably or in an arbitrary manner or without reference to any guiding rules or principles. *In re Marriage of Atherton*, No. 14-17-00601-CV, 2018 WL 6217624, at *2 (Tex. App.—Houston [14th Dist.] Nov. 29, 2018, no pet. h.) (mem. op.) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

**Analysis**

In a suit for the dissolution of a marriage, an MSA is binding on the parties if the agreement: (1) provides in a prominently displayed statement that is in boldfaced type, capital letters, or underlined, that the agreement "is not subject to revocation"; (2) is signed by each party to the agreement; and (3) is signed by the party's attorney, if any, who was present at the time the agreement was signed. TEX. FAM. CODE ANN. § 6.602(a)–(b); *see also Loya v. Loya*, 526 S.W.3d 448, 451 (Tex. 2017). If an MSA meets the requirements of section 6.602(b), a party is entitled to judgment on the MSA "notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law." TEX. FAM. CODE ANN. § 6.602(c); *see also Milner v. Milner*, 361 S.W.3d 615, 616, 618–19 (Tex. 2012) (concluding MSA meeting statutory requirements is binding on parties and requires rendition of divorce decree that adopts parties' agreement). Through section 6.602(c), the legislature created a "procedural shortcut" for the enforcement of an MSA in a divorce proceeding, eliminating the need for a separate suit to enforce the MSA even when one party withdraws his consent to the agreement. *Vazquez v. Vazquez*, No. 13-15-00306-CV, 2016 WL 6804462, at *2 (Tex. App.—Corpus Christi–Edinburg Nov. 10, 2016, no pet.) (mem. op.); *In re Hanson*, No. 12–14-00015-CV, 2015 WL 898731, at *3 (Tex. App.—Tyler Feb. 27, 2015, orig. proceeding) (mem. op.).

Mark does not dispute the MSA in this case complies with the requirements of section 6.602(b). Rather, he contends the trial court erred by refusing to set aside the MSA because Sandra procured the agreement by fraud. Several courts of appeals have concluded section 6.602 does not require the trial court to enforce an MSA procured by fraud, duress, coercion, or other dishonest means. *Milner*, 361 S.W.3d at 619;[3] *Atherton*, 2018 WL 6217624, at *4. However, the Texas

---

[3] In *Milner*, the supreme court cited to *Morse v. Morse*, 349 S.W.3d 55, 56 (Tex. App.—El Paso 2010, no pet.); *Spiegel v. KLRU Endowment Fund*, 228 S.W.3d 237, 242 (Tex. App.—Austin 2007, pet. denied); *In re Marriage of Joyner*, 196 S.W.3d 883, 890 (Tex. App.—Texarkana 2006, pet. denied); *Boyd v. Boyd*, 67 S.W.3d 398, 403 (Tex. App.—Fort Worth 2002, no pet.), and *In re Kasschau*, 11 S.W.3d 305, 312 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding).

Supreme Court has not addressed the issue. *Milner*, 361 S.W.3d at 619; *Atherton*, 2018 WL 6217624, at *4. For purposes of this appeal, we will assume, without deciding, that an MSA is subject to revocation if procured by fraud. *See Bass*, 2017 WL 2443128, at *2.

Mark had the burden to show he signed the MSA due to Sandra's fraud. *See In re Marriage of Fannette*, No. 10-12-00141-CV, 2013 WL 3533238, at *5 (Tex. App.—Waco July 11, 2013, pet. denied); *see also Triesch v. Triesch*, No. 03-15-00102-CV, 2016 WL 1039035, at *2 (Tex. App.—Austin Mar. 8, 2016, no pet.) (mem. op.) (noting wife who alleged husband fraudulently induced her to sign MSA had burden to prove all elements of fraudulent inducement claim). However, neither Mark's objection to the MSA nor his response to Sandra's motion for entry of a final divorce decree incorporating the terms of the MSA was verified or supported by affidavit. Further, at the hearing on Sandra's motion for entry of a final decree of divorce and Mark's objection to the MSA, Mark offered no evidence of fraud by Sandra and relied only on Jackson's argument. The argument of counsel is not evidence of fraud. *In re Guardianship of Laroe*, No. 05-15-01006-CV, 2017 WL 511156, at *21 (Tex. App.—Dallas Feb. 8, 2017, pet. denied) (mem. op.) ("[M]otions and arguments of counsel are not evidence.");[4] *see also In re Lechuga*, No. 07-15-00088-CV, 2015 WL 2183744, at *3 (Tex. App.—Amarillo May 7, 2015, orig. proceeding) (mem. op.) (concluding "[m]ere surmise and speculation is no evidence of fraud" that would support setting aside MSA).

Because the MSA complied with the requirements of section 6.602 of the family code and Mark presented no credible evidence of fraud by Sandra, the trial court did not abuse its discretion by refusing to set aside the MSA. *See Atherton*, 2018 WL 6217624, at *4–5 (concluding trial court did not abuse its discretion by refusing to set aside MSA when wife failed to provide any evidence

---

[4] *See also Loya v. Loya*, No. 14-12-00385-CV, 2013 WL 830940, at *4 (Tex. App.—Houston [14th Dist.] Mar. 5, 2013, no pet.) (mem. op.) (concluding "attorney's characterization of the motion were mere conclusions, and therefore, not evidence").

of fraud by husband that induced her to sign MSA); *Cojocar v. Cojocar*, No. 03-14-00422-CV, 2016 WL 3390893, at *5 (Tex. App.—Austin June 16, 2016, no pet.) (mem. op.) (concluding appellant "waived error" by failing to offer evidence of fraud that induced him to sign MSA).  We resolve Mark's sole issue against him and affirm the trial court's judgment.

/Ken Molberg/
KEN MOLBERG
JUSTICE

171433F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARK ALLEN GERHARDT, Appellant

No. 05-17-01433-CV      V.

SANDRA KAREN GERHARDT, Appellee

On Appeal from the 302nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-16-26827.
Opinion delivered by Justice Molberg.
Justices Myers and Osborne participating.

      In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

      It is **ORDERED** that appellee Sandra Karen Gerhardt recover her costs of this appeal from appellant Mark Allen Gerhardt.

Judgment entered this 10th day of January, 2019.