

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00301-CV

_____

LELLAND TURNER, Appellant

V.

HANNAH MORTON, Appellee

On Appeal from the 231st District Court
Tarrant County, Texas
Trial Court No. 231-728374-23

Before Sudderth, C.J.; Womack and Walker, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Lelland Turner, appearing pro se, appeals from the final decree of divorce terminating his marriage to Appellee Hannah Morton. On appeal, Turner argues that the trial court erred by naming Morton as the primary joint managing conservator of the couple's only child, L.T.,[1] in accordance with the terms of a mediated settlement agreement (MSA). We will affirm.

## II. BACKGROUND

Turner and Morton were married in April 2020 and separated in January 2023. Shortly after the couple separated, Morton sued for divorce; Turner then countersued. One of the primary issues in the divorce proceeding was the allocation of Turner's and Morton's parental rights with respect to L.T.

In May 2023, Turner and Morton entered into an MSA resolving all of the issues pertaining to their divorce, including the allocation of their parental rights. As reflected in the MSA, the parties agreed that Turner and Morton would be L.T.'s joint managing conservators but that Morton would have "[p]rimary [p]ossession" of L.T. and would have the sole right to establish L.T.'s domicile. The MSA also set forth Turner's possession schedule and specified the amount of child support that he would pay to Morton.

---

[1]Because L.T. is a minor, we refer to her by her initials. *See* Tex. Fam. Code Ann. § 109.002(d); *cf.* Tex. R. App. P. 9.8(b)(2).

In July 2023, the trial court entered a divorce decree consistent with the MSA's terms. Like the MSA, the divorce decree specifically provided that the parties were appointed as L.T.'s joint managing conservators and that Morton had the exclusive right to designate L.T.'s residence. Turner now appeals from this divorce decree.

## III. DISCUSSION

In a single issue, Turner contends that the trial court erred by naming Morton as L.T.'s primary joint managing conservator. Morton argues that Turner has forfeited his sole issue due to inadequate briefing. We agree with Morton.

The "[f]ailure to cite applicable authority or provide substantive analysis waives an issue on appeal." *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.); *see also* Tex. R. App. P. 38.1(i); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (observing that error may be waived by inadequate briefing); *Jackson v. Vaughn*, 546 S.W.3d 913, 922 (Tex. App.—Amarillo 2018, no pet.) (holding appellant had waived issue due to inadequate briefing); *McKinnon v. Wallin*, No. 03-17-00592-CV, 2018 WL 3849399, at *2–3 (Tex. App.—Austin Aug. 14, 2018, pet. denied) (mem. op.) (holding that pro se appellant had waived his issues by inadequate briefing). Here, Turner failed to include any citations to the record or to applicable authority[2] to support his appellate complaint. Thus, he has forfeited his

---

[2]Turner's brief includes a "Table of Authorities" containing one incomplete citation to a 2017 case from the Dallas Court of Appeals. However, Turner does not cite or reference this case anywhere else in his brief, much less explain how it supports his appellate argument.

complaint due to inadequate briefing. *See* Tex. R. App. P. 38.1(i); *Fredonia State Bank*, 881 S.W.2d at 284; *McKinnon*, 2018 WL 3849399, at \*2–3; *see also Amir-Sharif v. Mason*, 243 S.W.3d 854, 856 (Tex. App.—Dallas 2008, no pet.) ("A pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure." (first citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); and then citing *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied))).

Even if Turner had adequately briefed his sole issue, we must overrule it on the merits. Section 6.602 of the Texas Family Code provides that an MSA that meets certain statutory requirements[3] "is binding on the parties and requires the rendition of a divorce decree that adopts the parties' agreement." *Milner v. Milner*, 361 S.W.3d 615, 618 (Tex. 2012) (citing Tex. Fam. Code Ann. § 6.602(b)–(c)). Section 153.0071 contains similar language applicable to an MSA in a suit affecting the parent–child relationship. *See* Tex. Fam. Code Ann. § 153.0071(d)–(e). The MSA in this case appears to comply with the provisions of Sections 6.602(b) and 153.0071(d), and Turner does not contend otherwise. Thus, subject to a few narrow exceptions,[4] the

---

[3]To be binding on the parties, a mediated settlement agreement must (1) provide "in a prominently displayed statement that is in boldfaced type or capital letters or underlined" that the agreement cannot be revoked; (2) be signed by each party; and (3) be signed by each "party's attorney, if any, who is present at the time the agreement is signed." Tex. Fam. Code Ann. § 6.602(b).

[4]*See, e.g.*, *id.* § 153.0071(e-1) (enumerating exceptions for certain instances of family violence and sexual abuse); *In re Lee*, 411 S.W.3d 445, 463–64, 466 (Tex. 2013)

4

MSA was binding on the parties, and the trial court had no choice but to render a divorce decree consistent with its terms. *See* Tex. Fam. Code Ann. §§ 6.602(c), 153.0071(e); *Milner*, 361 S.W.3d at 618–19. Because Turner has not asserted,[5] much less established, that one of these narrow exceptions applies, we cannot conclude that the trial court erred by entering a divorce decree naming Morton as L.T.'s primary managing conservator in accordance with the MSA's terms. *See* Tex. Fam. Code Ann. §§ 6.602(c), 153.0071(e).

We overrule Turner's sole issue.

## IV. CONCLUSION

Having overruled Turner's sole issue, we affirm the trial court's final divorce decree.

---

(Guzman, J., concurring, and Green, J., dissenting) (reflecting the agreement of a majority of justices that a trial court may decline to render judgment on a statutorily compliant MSA when it would endanger a child's safety and welfare); *see also Morse v. Morse*, 349 S.W.3d 55, 56 (Tex. App.—El Paso 2010, no pet.) ("A court is not required to enforce an MSA if it is illegal in nature or procured by fraud, duress, coercion, or other dishonest means." (first citing *In re Joyner*, 196 S.W.3d 883, 890 (Tex. App.—Texarkana 2006, pet. denied); then citing *Boyd v. Boyd*, 67 S.W.3d 398, 404–05 (Tex. App.—Fort Worth 2002, no pet.); and then citing *In re Kasschau*, 11 S.W.3d 305, 312 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding))).

[5]Based on our review of the record, it does not appear that Turner raised any issues concerning the MSA's enforceability in the trial court. *See* Tex. R. App. P. 33.1(a). Further, although Turner vaguely asserts in his appellate brief that Morton "lied and deceived the trial court," there is nothing in his brief to suggest that Morton's supposed lies or deception had anything to do with the procurement of the MSA. *See Morse*, 349 S.W.3d at 56. Indeed, Turner's brief does not even reference the MSA.

/s/ Dana Womack

Dana Womack
Justice

Delivered:  February 29, 2024